Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile  (702) 938-1055

Brandon A. Rotbart, Esq., Of Counsel
*pro hac vice pending*
rotbart@rotbartlaw.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN MEGGS, Individually,                )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        Case No.   **2:21-cv-1231**
                                         )
NEVADA PROPERTY 1 LLC,                   )
a Delaware Limited Liability Company,    )
                                         )
                                         )
            Defendant.                   )
_____/

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NEVADA PROPERTY 1 LLC, a Nevada Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorneys; fees, litigation expenses, and costs,

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the Nevada Revised Statutes 651.070 *et. seq.*, and alleges the following:

## COUNT I

### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.      Plaintiff, John Meggs, is an individual residing in Torrance, CA, in the County of Los Angeles.

2.      Defendant's property, The Cosmopolitan of Las Vegas (also known as "The Cosmopolitan," "The Cosmopolitan Casino," and "The Cosmopolitan Hotel"), is located at 3708 South Las Vegas Boulevard, Las Vegas, NV, in the County of Clark.

3.      Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See, also*, 28 U.S.C. § 2201 and § 2202.  Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5.      Plaintiff, John Meggs, is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.  Mr. Meggs relies on a wheelchair for mobility.

6.      Plaintiff, John Meggs, regularly visits Las Vegas, Nevada to visit his two daughters, who both reside in Las Vegas, to visit his close friends, and to enjoy the food, entertainment (including gambling) that the City offers.

7.     John Meggs has been to the subject hotel and has eaten there, shopped there, traversed the subject hotel in his wheelchair, and gambled at the casino numerous times.  Mr. Meggs stayed overnight before on multiple occasions, with his most recent such visit being on May 17-18, 2021.  These overnight stays were both as a bona fide customer and to confirm the ADA violations on the property.

8.     Mr. Meggs encountered architectural barriers at the subject property.  The barriers to access at the subject property have endangered his safety.

9.     Mr. Meggs intends to return to the common areas and casino in the near future during his regular trips to Las Vegas, and he intends to return to the disabled rooms for overnight stays, when the hotel rooms are made accessible.

10.     Defendant owns, leases, leases to, or operates the property described above, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, *see*, 28 C.F.R. 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.

11.     John Meggs has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations set forth in this complaint.

12.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  John Meggs desires to visit The Cosmopolitan of Las Vegas not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly-situated individuals will have full and equal enjoyment of the property without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter-alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject The Cosmopolitan of Las Vegas, has shown that violations exist. These violations that John Meggs personally encountered or observed at the property, and which have been verified by an ADA expert, include, but are not limited to:

15.     Some of the accessible parking spaces located at the property are improperly and/or insufficiently marked.

16.     The foregoing hinders Mr. Meggs' ability to locate such accessible parking, and also reduces the number of available accessible parking spaces available to him by not sufficiently informing able-bodied individuals that these are accessible parking spaces which should only be used by disabled individuals.

17.     The same violates ADAAG Section 4.6.4 and Section 502.6 of the 2010 ADA Standards.

18.     The remediation of the foregoing ADA violation is readily achievable.

19.     Some of the accessible parking spaces located at the property are not located on the shortest accessible route of travel from the parking area to the accessible entrance to the property.

20.     The foregoing makes it more difficult for Mr. Meggs to get from his vehicle to the accessible entrance by making such distance further than necessary.

21.     The same violates ADAAG Section 4.6.2.

22.     The remediation of the foregoing ADA violation is readily achievable.

23.     Some of the van accessible parking spaces do not have sufficient vertical clearance as required by law.

24.     The foregoing makes it difficult or impossible to use lift equipped vans to access such parking spaces due to insufficient clearance.

25.     The same violates ADAAG Section 4.6.5 and ADA Standards 502.5.

26.     The remediation of the foregoing ADA violation is readily achievable.

27.     The property lacks a compliant accessible route from the hotel/casino to the adjacent street, sidewalk and public transit.

28.     This prevents Mr. Meggs from safely accessing the property directly from the adjoining sidewalk.

29.     The same violates ADAAG Section 4.1.2 and section 206.2.1 of the 2010 ADA Standards.

30.     The remediation of the foregoing ADA violation is readily achievable.

31.     The ramps and paths leading to bungalows and other hotel and recreation areas have excessive slopes, changes of level, insufficient width, and/or lack required handrails.

32.     These excessive cross slopes, changes of level, insufficient width and/or lack of required handrails impede Mr. Meggs' ability to travel within the hotel.

33.     The same violates ADAAG section 4.1.3, 4.1.6, 4.3.7, 4.3.8, 4.5 and/or 4.8  and 2010 ADA Standards Section 303, 305, 403 and/or 405.

34.     The remediation of the foregoing ADA violation is readily achievable.

35.     Several hotel, casino and restaurant counters and/or tables (including some which contained slot machines) are inaccessible to disabled individuals due to being too high and/or having insufficient access and/or clearance.

36.     The foregoing prevented Mr. Meggs from accessing the products/services located at these tables/counters.

37.     The same violates ADAAG section 4.32 and section 308 and/or 904 of the 2010 ADA Standards.

38.     The remediation of the foregoing ADA violation is readily achievable.

39.     The property's sportsbook area (sports betting area) does not provide access to betting information sheets and writing surfaces by disabled individuals as same are too high.

40.     This prohibits Mr. Meggs from being able to review the betting information sheets and access the nearby writing surfaces.

41.     The same violates ADAAG section 4.32 and sections 904 of the 2010 ADA Standards.

42.     The remediation of the foregoing ADA violation is readily achievable.

43.     The common area men's restroom stalls had doors which were not self closing and lacked appropriate hardware.

44.     The lack of appropriate stall doors made it impossible for Mr. Meggs to obtain privacy in said stalls without third party assistance.

45.     The same violates ADAAG section 4.13, 4.17, 4.22 and/or 4.23 and section 4.17, and section 604 of the ADA Standards.

46.     The remediation of the foregoing ADA violation is readily achievable.

47.     Grab bars in the common area restrooms are obstructed by improperly located dispensers

48.     Some of the water closet seats in the common area restrooms are less than 17 inches AFF  (above finished floor).

49.     This made it difficult for Mr. Meggs to use and remove himself from such toilets without third party assistance.

50.     The same violated ADAAG section 4.16.3, and 2010 ADA Standards section 604.4.

51.     The remediation of the foregoing ADA violation is readily achievable.

52.     Some of the common area toilets do not have the manual flush control located on the open side.

53.     The same violated ADAAG section 4.16.5, and 2010 ADA Standards sections 604.6.

54.     This made it difficult for Mr. Meggs to access the toilet's flush control.

55.     The remediation of the foregoing ADA violation is readily achievable.

56.     Some of the common area men's restroom sinks lack proper pipe insulation.

57.     This posed a risk of injury to Mr. Meggs while using such sinks to cuts or burns.

58.     The same violated ADAAG section 4.19.4, and 2010 ADA sections 606.5.

59.     Some of the common area men's restroom sinks do not provide sufficient knee clearance.

60.     This prevented Mr. Meggs from fully being able to access said sinks due to his inability to reach the sink controls.

61.     The same violated ADAAG section 4.24.3, and 2010 ADA Standards section 306.

62.     The remediation of the foregoing ADA violation is readily achievable.

63.     Some of the accessible guest rooms at the property has insufficient maneuvering space of less than 18 inches to approach the room door.

64.     The foregoing prevented Mr. Meggs from being able easily to enter/exit the guest rooms on his own.

65.     The same violated ADAAG section 4.13, and 2010 ADA Standards section 404.

66.     The remediation of the foregoing ADA violation is readily achievable.

67.     Some of the accessible guest room tubs did not have proper grab bars.

68.     Mr. Meggs could not use the accessible guestroom tub safely due to the lack of proper grab bars.

69.     The same violated ADAAG section 4.20, and section 607.4 of the ADA Standards.

70.     The remediation of the foregoing ADA violation is readily achievable.

71.     Some of the accessible guest room bathrooms had inaccessible toilet paper and tissue dispensers.

72.     This prevented Mr. Meggs from easily and safely accessing the toilet paper and tissues in the guest rooms where he stayed.

73.     The same violated ADAAG section 4.16.6 and/or 4.1.3, and section 604.7 and/or 604.9.6 of the ADA Standards.

74.     The remediation of the foregoing ADA violation is readily achievable.

75.     The balconies to the accessible guest rooms were inaccessible due to protruding objects reducing the landing width.

76. This prohibited Mr. Meggs from freely accessing the guest room's balcony.

77. The same violated ADAAG section 4.4 and/or 4.13, and section 404.2 of the ADA Standards.

78. The remediation of the foregoing ADA violation is readily achievable.

79. Some items such as thermostats, door locks, window shades, and light controls located within the guest rooms are not accessible.

80. This hindered Mr. Meggs' ability to access these items safely, easily, and/or without third party assistance.

81. The same violated ADAAG section 4.27, and section 308 of the ADA Standards.

82. The remediation of the foregoing ADA violation is readily achievable.

83. The roll in shower located in at least 1 of the guest room bathrooms did not have a compliant seat.

84. This prevented Mr. Meggs from properly being able to shower in said guest room.

85. The same violated ADAAG section 4.21.3, and section 608.4 and/or 610 of the ADA Standards.

86. The remediation of the foregoing ADA violation is readily achievable.

87. At least 1 of the accessible guest rooms had insufficient clearance to the guest room's bed.

88. The same violated ADAAG section 4.2.1, and section 305 of the ADA Standards.

89. The remediation of the foregoing ADA violation is readily achievable.

90. Several of the desks/tables in the accessible guest rooms did not have sufficient knee clearance nor approach space.

91. The same either inhibited or prohibited Mr. Meggs' use of such desks/tables.

92.   The same violated ADAAG section 4.32, and section 306 of the ADA Standards.

93.   The remediation of the foregoing ADA violation is readily achievable.

94.   Some of the guest room sinks were not usable due to the lack of proper knee, toe, and/or approach clearance.

95.   This prevented Mr. Meggs from easily accessing the guest room sink.

96.   The same violated ADAAG section 4.24, and section 606 of the ADA Standards.

97.   The remediation of the foregoing ADA violation is readily achievable.

98.   The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

99.   The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

100.   Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

101.   The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

102.   The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

104.    Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. 36.302 *et seq*.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

105.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

106.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to

January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

107.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

108.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Cosmopolitan of Las Vegas, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

WHEREFORE, Plaintiff respectfully requests:

A.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to

ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   B.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   C.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, including maintaining the accessible features on an ongoing basis.

## COUNT II

### VIOLATION OF THE NEVADA LAW
### AGAINST DISCRIMINATION - Nevada ADA
### (violation of Nevada Revised Statutes 651.070 *et seq.*)

   109.  The Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

   110.  The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

   111.  Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, *et seq.*

   112.  Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

   113.  Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

114.    Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

115.    The individual Plaintiff suffered injury to his dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff respectfully requests:

A.    The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, *et seq.*

B.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.    Award compensatory damages to Plaintiff JOHN MEGGS.

D.    An award of attorneys' fees, costs and litigation expenses.

E.    The Court award such other and further relief as it deems necessary.

Date: 06/29/2021

Respectfully submitted,

Robert P. Spretnak, Esq.(NV Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123-2545
Telephone (702) 454-4900
Facsimile  (702) 938-1055

Brandon A. Rotbart, Esq., Of Counsel,
*pro hac vice pending*
rotbart@rotbartlaw.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

*Attorneys for Plaintiff John Meggs*